**IN RE: Commonwealth of Pennsylvania**

**v.**

**Cody Allen Carr (Carbaugh)**

 error

## WRIT OF HABEAS CORPUS

AND NOW, this 15th day of March 2024, the above-named Petitioner/Defendant states the following statement of claims and avers;

1. Petitioner/Defendant was arrested on 2/2/2021 by Swatara Township Police Department;

2. Petitioner/Defendant was released on $30,000 bail on 2/12/2021;

3. Petitioner/Defendant had his Preliminary hearing before the Honorable Michael Smith on 3/31/2021;

4. On 12/29/2021, a warrant was issued for the above petitioner/defendant for failure to appear;

5. Petitioner/Defendant was arrested on his outstanding warrant on 4/3/2022 in Ozark, Arkansas, where he was detained and awaiting extradition to Pennsylvania;

6. On 4/16/2022, a Rule 150 hearing was held before the Honorable Judge McNally. Commonwealth's request for $100,000 bail was denied, due to the Petitioner/Defendant's car being in an accident and being stranded out of state after a death in the family, which was the reason for the failure to appear. The Honorable Judge McNally set bail at $1,500 for docket 1561 CR 2021 and $1,000 for docket 1804 CR 2021;

7. On 10/25/2022, a Bail Reduction hearing was held before the Honorable Judge Edward Marsico. Former counsel, Elizabeth Ruby, requested Pretrial Services, unsecured bail as it was on unforeseen circumstances/emergency which also the Honorable Judge McNally concluded the same at my Rule 150 hearing;

8. The Dauphin County District Attorney's office under Francis T. Chardo allowed corrupt practices on the part of Chief Deputy District Attorney, Jennifer W. Gettle as she requested $100,000 bail, alleging that the Court erred in its order, falsely accusing office staff at the Rule 150 hearing of committing a "clerical error" and that bail was supposed to be set at $100,000 and that her paperwork/record stated the same;

9. The Corrupt practices of being unethical and unprofessional in front of the court/tribunal has become a practice in conspiracy between the Dauphin County Public Defender's office and the Dauphin County District Attorney's office which has involved the Court. This has challenged the Integrity and Impartiality of the Judiciary;

10. Which any layman can conclude levels of Impropriety and Partiality of the Judiciary and District Attorney's office, thus the Public Defender's office or Attorney Ruby's failure to object to the aforementioned, foreclosed any collateral review or challenges that could have been raised at that point which didn't happen;

11. Defense Counsel knew that bail wasn't going to be honored as it was already concluded the position both Judge (former Dauphin County District Attorney) and current Chief Deputy District Attorney, Jennifer W. Gettle were on before the session started leaving the defendant to be prejudiced without a reasoning;

12. Questions as a Matter of Law:

    a. Why was defendant's bail being raised?;

    b. Why wasn't the Commonwealth denied relief if it was a bail reduction hearing for nominal bail?;

    c. Was Counsel a Conflict or did she subject herself to a Conflict of Interest when she failed to object the conspiracy and corruption to allow it to be preserved on the record as so it not prejudice the defendant?;

    d. Did the Honorable Judge Marsico violate the Cannons, place the Judiciary in a Conflict of Commitment or Interest by acting Partially in ordering bail to be raised?;

    e. Did the Honorable Judge Marsico abuse his Discretion by granting the Commonwealth's (DA Gettle's) request for bail increase when it was a bail reduction hearing?;

    f. Did DA Gettle commit Prosecutorial Misconduct like she allegedly done in Lebanon County District Attorney's office which allegedly lead to her resignation or termination from that office for Corrupt, Unlawful, Unethical, Prosecutorial Misconduct?;

    g. Did DA Gettle commit Prosecutorial Misconduct by lying to the Court as a court officer to get the Court to order in her favor?;

    h. Did Judge Marsico abuse his Discretion by granting DA Gettle's persuasive allegations of lying stating that the Rule 150 Judge Clerk made an error, and failing to or refusing to conduct an independent review of the records and act with due diligence to ascertain that the Commonwealth's allegations were of merit, which they were not?;

      i. Why has this defendant been sitting in Dauphin County Prison 1,000+ days and has not been afforded trial in violation of Rule 600, for this Petitioner/Defendant asserted many times to each attorney that there were to be NO CONTINUANCES?

      j. Is there a Conflict of Interest or Commitment by each department, public defender's office and district attorney's office, which the Judiciary has allowed and is also in a Conflict of Interest thus prejudice to this Petitioner/Defendant has occurred as Petitioner/Defendant has Rule 600 violations, bail increased, and public defender's office hasn't even responded to their client which forced this Petitioner/Defendant to ask the Honorable Judge Evans for Pro-Se status on 1/5/2024 which was granted?;

13. These questions as a matter of law has left the Petitioner/Defendant severely prejudiced without any justice or final disposition to his case, as his attorney only had to act like she was raising a good defense while neglecting him in the interim, while the conspiracy was plotted beforehand by all parties except this Petitioner/Defendant;

14. DA Gettle stated that the bail was supposed to be $100,000 as it was what she wanted and desired, but when the Commonwealth saw that relief was not granted, DA Gettle sought that "SECOND BITE OF THE APPLE" in the Court of Common Pleas of Dauphin County, by declaring clerical error and Unethically persuading the Judge Marsico to agree with her Corrupt, Unethical and Unprofessional practices;

15. DA Gettle ultimately knew she could get away with it and the Public Defender's office wouldn't do anything which left Petitioner/Defendant with Ineffective Assistance of Counsel and further prejudiced for closing any argument later over bail;

16. DA Gettle stated that it was in the paperwork in front of her and the desired relief the Commonwealth (DA Gettle) sought and when it was denied, DA Gettle sought Unethical, Unprofessional, Prosecutorial Misconduct in obtaining bail to go in her favor just to keep this Petitioner/Defendant locked behind bars just like she has with the majority of her cases that end with a plea deal so Unlawfully induced that no reliable adjudication of guilt or innocence could take place as the Unethical customs of all those who have been elected to the bench come from the Dauphin County District Attorney's office don't follow the rules of criminal procedures, professional conduct cannons, administrative rules of Court and keep inmates like myself locked up at DCP for years at a time to then plea them so they won't allege prosecutorial misconduct or raise public awareness or corrupt business practices, but ultimately to foreclose civil lawsuits if cases get dismissed;

17. Furthermore, the defense stated that in the records was $1,000 at 1804 CR 2021 and $1,500 at 1561 CR 2021 which the United Judicial Portal concluded the same;

18. However, the Honorable Marsico's documents stated $30,000 crossed out and $2,500 written as bail;

19. The Judge Marsico of the Court of Common Pleas of Dauphin County therefore ABUSED his Discretion for failing to ascertain that the record was deficient or that the record concluded otherwise when it was clear that the record was for the moving party who was the defense and that the Commonwealth had no reason prior to the defendant's arrest to believe he was a risk to the public or victim, that his FTA jeopardized the Commonwealth in anyway, thus the defendant's motion for a "bail reduction" not an avenue for the Commonwealth to harass intimidate or induce a plea as the defendant has been in DCP for 23 months and counting, not an avenue for the Commonwealth (DA Gettle) Unlawfully, Unprofessionally, Unethically committing Prosecutorial Misconduct by lying to the Court as an officer of the court, to request higher bail which should have been denied by declaring clerical error yet the Commonwealth did not file a notice of appeal as DA Gettle knew that her Unlawful Prosecutorial Misconduct would be condoned by the Court of Common Pleas of Dauphin County, who have allowed this DA to continue to do this to all her assigned cases which should lead to a full out investigation;

20. On or about March 31, 2023, Elizabeth Ruby left the Dauphin County Public Defender's office and Eric Delp was appointed the defendant's counsel;

21. On June 16, 2023, after asking for over 2 years, this Petitioner/Defendant received a PARTIAL discovery on 1561 CR 2021 after it was in the possession of the public defender's office for 22 months;

22. The public defender's office has been violating the rules of criminal procedures to be handed full disclosure of all evidence that the Commonwealth intends to use against the defendant compiled with rules of criminal procedures has rendered this office a Conflict of Interest and Commitment with elements of Corruption, Unethical practices which has left this Petitioner/Defendant prejudiced and which has sustained injuries as to constitutional deprivation as the PD's office is acting under colors of state law by colluding in a whole county Corrupt conspiracy of Unlawful, Corrupt, Judicial Professional Prosecutorial Misconduct violating all defendants that are represented by the Dauphin County Public Defender's office, prosecuted by a Corrupt office who hires and condones Prosecutorial Misconduct, which has involved the Judiciary as mostly all Corrupt Judges condoning such Prosecutorial Misconduct and manifestation of injustice has come from the Dauphin County District Attorney's office;

23. Around the first week of June 2023, Mary Klatt (Dauphin County Chief Public Defender) met with this Petitioner/Defendant after a group meeting at DCP. Klatt did not meet with him with his assigned attorney, Eric Delp, but Klatt promised this Petitioner/Defendant the following:

    a. Klatt as Chief was going to prioritize this Petitioner/Defendant case and place it first on her list;

    b. Klatt as Chief was going to assign a 2nd defense attorney to the defendant's case as Chief Klatt acknowledged that Eric Delp's "caseload" was "overloaded";

c. Chief Klatt stated that the PD's private investigator would be coming out to DCP to see him;

d. Chief Klatt promised to request this Petitioner/Defendant's Rule 150 hearing transcripts from April 18, 2022 and send them to him;

e. That Chief Klatt was going to request on this Petitioner/Defendant behalf another bail reduction hearing and place on the record, contest the aforementioned about bail increase and not pretrial, as it was a "bail reduction hearing" not a "bail modification hearing", that the Rule 150 Court Clerk did not make an error as $30,000 was the bail originally but due to the unforeseen circumstances alleged by the defense to the Rule 150 Judge (McNally), Judge McNally did not abuse his discretion by not reinstating bail but revoked bail at $30,000 by crossing it out, established new bail based off of the new information, found that this Petitioner/Defendant to be no harm to the public and not warrant incarceration to safe guard defendants appearances at future court appearances, so when the Commonwealth on DA Gettle's behalf requested $100,000 the Judge denied relief as the Commonwealth failed to provide any disagreement or challenges that the public or the defendant would fail to appear just solely requested $100,000 because it is a Prosecutorial tactic that Jennifer W. Gettle uses to prevent an inmate to leave or bail out so she can violate his rights by keeping him locked up years without disposition to then induce a coerced plea by threat tactic unleashed by the PD's office who conspire against the defendant as the defendant just as all parties and courts know the Unlawful deprivation of Constitutional rights and trauma of emotional, physical, psychological attack by conditions of confinement which have been alleged to the PD's office by the defendant that the defendant has sustained injury under colors of state law under § 1983;

f. Chief Klatt promised she was going to check this Petitioner/Defendant Rule 600 violation claims and if it was of issue, raise it in a Rule 600 hearing, yet this automatically would place the PD's office at a Conflict of Commitment and Interest as this would create elements of Conflicting Conflicts of Commitment and Interest that would prejudice this Petitioner/Defendant but also Chief Klatt walks a fine line if she chooses to defend the clients wishes but she will prejudice him in the process, the defendant as she will not state on the record, or conclude on the record, or make appearances on that there's elements of Ineffective Assistance of Counsel or challenges to the integrity of any officer of the Public Defender's office in conspiracy on the record, thus steering clear by Chief Klatt by lying to the client just so he doesn't press the situation which allows them to continue to violate the defendant's Constitutional rights as what's not preserved in the trial level record is as if it does not exist thus foreclosing this Petitioner/Defendant chances to challenge it for the first time on appeal, in violation of this Petitioner/Defendant's 1st, 5th, 6th, 14th U.S. Constitutional Amendments;

24. To this date none of the things Chief Mary Klatt has promised him have been honored and will not be honored as she will not place herself on the record or any of her officers to incriminate themselves on the trial court level record, so there's no record preserved that could conclude the Unethical, Corrupt, Unlawful, Unprofessional, Prosecutorial, Judicial Misconduct practices, customs that has spread to "all cases" assigned to the PD's office and prosecuted by the DA's office, held in Court before any Judge in the 12th Judicial Court of Common Pleas of Dauphin County, which should lead to a whole-full scale county-wide internal Supreme Court investigation to preserve and place trust back in the 12th Judicial District Court of Common Pleas of Dauphin County;

25. On September 11, 2023, Eric Delp came to see this Petitioner/Defendant for the 1st time in 5 ½ months he was appointed his attorney. In the 15 minutes that he saw the defendant he told him that he was going to start working on the defendant's case and that Chief Mary Klatt, Eric Delp's boss failed to inform him that he was looking at a mandatory minimum of 25-50 years for his 1st and 2nd felony under 1561 CR 2021 and if this Petitioner/Defendant chose to go to trial and is found guilty that DA Gettle will run them consecutively to each other;

26. On September 13, 2023, Eric Delp came to see this Petitioner/Defendant for the 2nd time. He informed this Petitioner/Defendant that he was wrong in regards to the mandatory minimums however, if this Petitioner/Defendant chose to go to trial and was found guilty that he would be looking at 40-80 years minimum;

27. Eric Delp informed this Petitioner/Defendant that he would ask DA Gettle about a potential plea deal and if she does offer one that she will wait until at least 6 more months to officially put it on the record so she could get more time out of this Petitioner/Defendant in DCP;

28. There are a couple points that need to be made here:

    a. The Unprofessionalism in the PD's office has led to injury to this Petitioner/Defendant 's Constitutional rights to effective assistance of counsel, Eric Delp talks negatively on his boss as to discredit her position and authority and to undermine her intelligence. Eric Delp then subjects himself to acting under colors of state law by conspiring with DA Gettle to place psychological scare tactics in this Petitioner/Defendant's mind by misleading this Petitioner/Defendant, leaving him in a vulnerable state of mind by placing a fear of a mandatory minimum of 25-50 years on each felony when counsel did not have such conclusive information in hand to refute or confirm its authenticity, placing counsel at ineffective assistance of counsel;

    b. Eric Delp knew what was being charges as he had the sentencing guidelines in his file, thus mentally, psychologically weakening this Petitioner/Defendant to be able to coerce him with a plea as no substantiated claims of guilt could be sustained or be proven by the Commonwealth at trial if were granted that a trial by jury will conclude that defendants guilty because discovery is deficient and

does not comply with rules of criminal procedures, the defendant hasn't received all discovery and it's a threat to the Commonwealth's case against this Petitioner/Defendant to place a copy of all the Commonwealth wishes to use against the defendant because it could open the door to the truth, true element of Prosecutorial Misconduct and Unethical standards employed by the Swatara Township Police Department and how the record is filled of how DA Gettle helps foster answers to questions while questioning officers and the inconsistencies of the evidence that should of lead to an evidentiary hearing challenging the charges as the charges are not substantiated by the fact and should of lead to the charges being dismissed by the court but again the public defender's office so over burden with cases, unexperienced, Corrupt, Unethical, Unprofessionalism has lead them to conspire with the DA's office to cover up alleged injuries or to foreclose any lawsuits by those who intentionally violate willing, recklessly and unlawfully constitutional rights and sweep it under the rug;

   c. Eric Delp told this Petitioner/Defendant how the Corruption is played out within inter-office public defenders and district attorneys that they ask the PD's office to continue, continue, continue to make it seem that it's the Commonwealth continuing the case when it's really the PD's on behalf of the defendant. The Commonwealth (DA Gettle) then has an excuse when it is stated on appeal that it's the defense and not the Commonwealth, while the Judiciary failed to follow the rules of administrative court procedures, cannons, ethic, criminal procedures and allow cover up by allowing the defendant after the defendant is left 2+ years in pretrial detainment to coerce them into a plea to deflect attention of a Corrupt, Unlawful practice that the President Judge should stop but doesn't and places the Judiciary to show appearances of Impropriety thus violating the cannons, ethics, Judicial Code of Conduct, allowing Professional Misconduct, Prosecutorial Misconduct and manifestation of injustice which has left this Petitioner/Defendant prejudiced with ineffective assistance of counsel with a Rule 600 violation;

   d. Had the defendant had as defense counsel a paid attorney, the Commonwealth would have looked the other way as they know that their firm would expose and is willing to fight for their client's rights and not allow the manifestation of injustice that is currently taking place at the 12th Judicial District Court of Common Pleas that this Court has not been informed of and has not conducted an internal affairs or any type of investigation;

29. This Petitioner/Defendant asked Eric Delp to file a Writ of Habeas Corpus motion in reference to the alleged victim failing to pick Petitioner/Defendant as the suspect out of photo lineup as well as failing to identify him in the courtroom during the Preliminary hearing. Mr. Delp informed the defendant that if he filed the Habeas Corpus that DA Gettle would just have the alleged victim identify him at the Habeas Corpus hearing which would throw the non-identification out the window. Delp stated that DA Gettle will do anything she has to do in order to win this case and any sexually related case as

she has a 99% conviction rate off of plea deals and 1 trial loss and the the defendant does not stand a chance at winning at all. Mr. Delp continued stating that if he files a Habeas Corpus Motion then DA Gettle would not give him a plea deal for "making her look bad";

30. At # 29, there is a couple points to make about the defense counsels collusion and conspiracy with DA Gettle:

   a. The failure of counsel to preserve that the victim could not identify the defendant was means for the case to get dismissed as it was once stated in a trial of OJ Simpson, "IF THE GLOVE DOES NOT FIT THEY MUST ACQUIT", thus counsel will not place himself to declare that an officer of the court that is a representative of the PD's office, representing a client failed to preserve on the record an identification issue as that would render counsel to be at "Conflicting Conflict of Interest and Commitment" which would foreclose the defendants "Habeas Corpus" hearing causing it to be tainted, leaving this Petitioner/Defendant prejudiced, further depriving him of his Constitutional rights;

   b. Counsel alleged that DA Gettle would go to any extreme measure even as to commit Prosecutorial Misconduct to be able to obtain a guilty verdict or plea from the defendant as DA Gettle's 99% conviction rates stems mostly from pleas and blown trials so Unlawful that any layman could conclude Corrupt practices by all in Conspiracy against the defendant. Even if it meant to coach the victim who the defendant is, when he couldn't identify him at the defendant's Prelim;

   c. Delp stated "that the defendant didn't stand a chance" against her (DA Gettle) foreclosing and declaring that the Conspiracy has been plotted already and spoken "EN CAMERA" without the presence of the defendant which left the defendant prejudiced as this has been a long time custom and practice that has left many defendants without a chance to have proper counsel before even getting a chance to go to trial and challenge their incarceration and in retaliation of filing a Habeas Corpus, she will take all deals off the table because it will expose DA Gettle and the DA's office under Francis T. Chardo, allowance of Prosecutorial Misconduct, Unethical, Unconstitutional behavior which violates the delegated duties established by the Supreme Court to each of officer of the court and of the United Judicial System under the PA Constitution;

31. The aforementioned scare tactics that Delp used against this Petitioner/Defendant were Unethical, Unprofessional and Corrupt in persuading those scare tactics against the defendant to coerce and induce the defendant into accepting the plea before its even offered because first it was 25-50 years each for his first two felonies and now its 40-80 years if he goes to trial and is subsequently found guilty;

32. On 9/16/2023, while an inmate in PROTECTIVE CUSTODY at DCP, was physically assaulted and sustained a concussion and had 1 ½ teeth knocked out from said assault.

DCP officials knew of the dangerous situation prior to the physical assault and chose NOT to do anything to remedy the situation which was not only a violation of these Officer's rules as employees of DCP, in which they are acting under the colors of the law, but it was a severe violation of his Constitutional rights that has produced undue and unnecessary physical, emotional and psychological pain and suffering that has worsened this Petitioner/Defendant's PTSD and overall mental health;

33. This Petitioner/Defendant wrote both Eric Delp and Mary Klatt multiple times via USPS mail, via DCP issued Public Defender forms asking them to come see him about his options since DCP FAILED TO PROTECT this Petitioner/Defendant while a PROTECTIVE CUSTODY inmate of DCP;

34. Both Mary Klatt and Eric Delp REFUSED to acknowledge any of the attempts this Petitioner/Defendant used to reach out to them or come see him at DCP;

35. It is now March 2024, and since March of 2021, this Petitioner/Defendant has advised Elizabeth Ruby, Eric Delp and Mary Klatt that he does NOT want them to continue any proceedings or file any motions for continuances, yet 98% of ALL the continuances were on this Petitioner/Defendant's behalf AGAINST HIS DIRECT PERMISSION and this Petitioner/Defendant was NOT informed either before or after such continuance that there was a continuance or whom continued it;

36. There are three points this Petitioner/Defendant would like to present here:

    a. The defense counsel could state that is the Commonwealth who is the vehicle of delay, but counsel for the defendant continued because (s)he is the only party in front of the judge yet the judge fails to state on the record whether the Commonwealth is the subject of the delay but the one continuing is the defense because the Commonwealth can't place it on the record, so to get construed as the defense is the vehicle of the delay, so Rule 600 cannot be against the defendant but the Commonwealth;

    b. If the Court is the vehicle of the delay the Court cannot expect or allow defense counsel to take against defendant's Rule 600 as the Court is the vehicle of the delay;

    c. Another Unethical practice in the 12th Judicial District of Dauphin County is "Rule 600, Judge Reassigned cases" in the theory of "In the Interest of Justice", but it is really to prevent the violation of Rule 600 by reassigning the cases to another Judge who could continue to approve or "grant" Rule 600 motions which extends a defendant's pretrial incarceration which renders counsel for the defendant ineffective because (s)he fails to file an application of Writ of Habeas Corpus or Rule 600 violation thus foreclosing this Petitioner/Defendant opportunity to preserve it on the record for appeal or collateral attack in the future;

    d. Written complaint was filed on 1/25/2021. From 1/25/2021 until today, 3/19/2024 has been a total of 1,109 DAYS;

    e. Judicial Emergency Shutdown Dates due to the Covid-19 pandemic for Dauphin County are 12/7/2020 until 3/10/2021;

    f. Between the dates of 3/11/2021 until today, 3/19/2024 is a total of 1,075 days;

    g. This Petitioner/Defendant has been incarcerated consecutively since 4/3/2022. From 4/3/2022 until today, 3/19/2024 has been a total of 716 days;

    h. This Petitioner/Defendant has informed all previous attorneys as well as their supervisor that there was to be absolutely NO CONTINUANCES yet they have flagrantly defied my wishes and have continued WITHOUT MY CONSENT numerous times;

    i. In 1,109 days, neither Swatara Township Police Department, Dauphin County Public Defenders officer nor the Dauphin County District Attorney's office has conducted a FULL and COMPLETE or even PROPER investigation into this case in which this Petitioner/Defendant can prove;

37. The Honorable Edward Marsico (Former Dauphin County District Attorney), the Dauphin County PD's office and the Dauphin County DA's office are colluding and conspiring together to make it seem that this Petitioner/Defendant is "MAD" and that he just wants to allege that everyone is out to get him, to be able for the aforementioned to Unethically, Unprofessionally violate the Constitution, the delegated duties applied to every officer of the United Justice System and to continue to violate Professional Code of Conduct, inflict Prosecutorial Misconduct along with Judicial Misconduct violates the cannons. (Note this is NOT an avenue to allege relief, but it is to paint a picture like i.e. "FRUITS OF A POISENOUS TREE", as a whole causes a case to be examined by fact finders), this manner of conspiracy along with no responses to the defendant's numerous letters sent to PD's office, no contact visit, Unlawful amounts of Continuances without this Petitioner/Defendant consent, the Judiciary's acceptance of these behaviors in this manner is a MISCARRIAGE OF JUSICTCE and is a CARRIAGE OF INJUSTICE,

38. Instead of counsel assisting and fostering supportive affirmance to this Petitioner/Defendant with both negative and positive potential outcomes counsel chose to automatically chose a side and foreclosed any type of help, response, or even stating at a minimum that he's working in the interest of the client as a whole;

39. The Dauphin County PD's office under Chief Public Defender, Mary Klatt, Elizabeth Ruby and Eric Delp have been nothing but a HINDRANCE, AN ADDED STRESSOR, AND AN UNECESSARY BURDEN whose main objective along with DA Gettle seems to be nothing more than to KEEP THIS PETITIONER/DEFENDANT FETTERED AND IMPRISONED WITRHOUT DUE PROCESS UNDER THE 14TH AMENDMENT U.S. CONSTITUTION to then Unlawfully induce a plea alleging "I am actually being lenient here and giving you a plea lower than your guidelines", so this Petitioner/Defendant

won't take it to trial as this is a tactic to foreclose civil suits, foreclosing the opportunity to allege or claim anything for the first time on appeal which will not involve the Judiciary to give appearances of Impropriety and Partiality;

40. IF IT SO WARRANTS it to be done by this Honorable Court to grant a court-appointed attorney outside of the PD's office as at this time, granting said relief would not in any way disrupt, delay, interfere with the public's interest in the prompt and efficient administration of Justice with Courts interest in the integrity of its proceedings any more than what the Da and former attorneys have done to Unlawfully and Maliciously allow an overabundance of time to pass this subsequently any "evidence" this Petitioner/Defendant could have provided or obtained or produced (i.e. video footage, etc.) that NO LONGER EXISTS thus severely prejudicing this Petitioner/Defendant immensely and without any lawful reasoning;

41. Further we can all conclude that the MISCARRIAGE OF JUSTICE has been caused by the Defense Counsel (Conflicting Conflict of Interest and Commitment to Conspire with DA Gettle to close collateral review or to refuse to preserve those Corrupt, Unlawful practices and to expose the Judges (overall 12th Judicial District courts) Impropriety, Prejudice, Impartiality, violation of Administrative, Civil, Criminal rules of Procedures, cannons and delegated duties by this Honorable Court;

42. This lack of preserved record of any collusion of the defense, Court and the DA's office against this Petitioner/Defendant by NOT allowing him a fair and impartial trial, free from an induced and coerced plea, is the reason that this case has continued and no one does NOT want anything on the record so it is NOT a challenge on appeal or collateral attack or be held accountable for their actions that has left all defendants prejudiced behind bars and should cause a COUNTY-WIDE INVESTIGATION by the federal government as well as the Supreme Court of Pennsylvania.

RELIEF:

1. This Petitioner/Defendant hereby respectfully requests that this Honorable Court look into this Petitioner/Defendant's Rule 600 violations he claims;

2. If Rule 600 is NOT an issue, this Petitioner/Defendant hereby respectfully requests a change in venue;

3. If Rule 600 is NOT an issue, Petitioner/Defendant respectfully requests this Honorable Court to look into the record preserved "ONLY" on the non-identification issue as NOT to prejudice the defendant;

4. This Petitioner/Defendant respectfully requests that this Honorable Court appoint a Court-Appointed Attorney "ONLY ON REMAND" if Rule 600 is NOT an issue/violation due to the flagrant ineffective assistance of counsel and violation of his rights which has forced this Petitioner/Defendant to proceed pro-se;

5. This Petitioner/Defendant respectfully requests this Honorable Court to appoint a Special Master to conduct an Internal Investigation into the:

    a. 12th Judicial District Court of Common Pleas of Dauphin County;

    b. The Dauphin County Public Defender's Office;

    c. The Dauphin County District Attorney's Office;

6. This Petitioner/Defendant respectfully requests this Honorable Court to investigate through the Appointed Special Master "ALL CASES" assigned to Chief Deputy District Attorney, Jennifer W. Gettle in BOTH Dauphin County and Lebanon County for Prosecutorial Misconduct;

7. This Petitioner/Defendant respectfully requests that this Honorable Court investigate through the Appointed Special Master Adherence of the Constitution of PA to the civil, criminal, administrative, professional, judicial conduct, that would question the partiality of the Judiciary and show appearances of partiality;

8. This Petitioner/Defendant respectfully requests that this Honorable Court grant/allow ALL relief necessary to preserve my Constitutional rights and all those who are similarly affected who are represented by the PD's office and prosecuted by Jennifer W. Gettle or under a Rule 600 violation;

9. This Petitioner/Defendant respectfully requests that this Honorable Court ENTER INTO CONTEMPT OF COURT Dauphin County Prison for keeping inmates locked down for 23 hours and 45 minutes, 7 days a week, denying them "ALL outside or cell activity, inside rec, gym time, outside yard time", in violation all inmates Dauphin County wide in Pretrial detention as it constitutes punishment under U.S. 14th Amendment.

WHEREFORE, this Petitioner/Defendant submits this petition to this Honorable Court for Relief of the aforementioned to safeguard this Petitioner/Defendant's Constitutional rights as it has caused controversy and conflicts which only this Honorable Court can remedy relief.

Respectfully Submitted,

Cody Allen Carr (Carbaugh)

DCP # 082738

Dauphin County Prison

501 Mall Road

Harrisburg, PA 17111

3/19/2024

## MEMORANDUM

TO: Sylvia H. Rambo Clerk of Courts

FROM: Cody Allen Carr (Carbaugh) DCP # 082738

    Pro-Se Defendant/Petitioner

**In Re: Habeas Corpus Motion**

Clerk of Courts:

**It should be NOTED** that this defendant/petitioner **HAS BEEN GRANTED PRO-SE STATUS** in the above-captioned dockets by the Honorable President Judge Scott Evans on 1/5/2024.

Please file this **PRO-SE Writ of Habeas Corpus** on behalf of this PRO-SE defendant/petitioner.

**It should also be NOTED** that due to Dauphin County Prison's policies and procedures, both Dauphin County Prison and the Dauphin County Court of Common Pleas recognize this defendant/petitioner by his maiden name, Cody Allen Carbaugh.

It is imperative that a time stamped copy of this document along with the enclosed petition be resent to this defendant/petitioner.

Please generate a docket and submit it to the Court.

Respectfully Submitted,

*[signature]*

Cody Allen Carr (Carbaugh)

PRO-SE Defendant/Petitioner

Cody Carbaugh DOC # 082938
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111





RECEIVED
HARRISBURG, PA
MAR 25 2024
PER _____ DEPUTY CLERK

Clerk of Courts
Sylvia H Rambo Courthouse
1501 N 6th St
Harrisburg, PA 17102

* Confidential Legal Correspondence *